# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76034-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| BRYAN M. HALLMEYER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 23, 2017 |

SPEARMAN, J. — An attorney's conduct is not deficient if it can be considered a legitimate trial tactic. Bryan M. Hallmeyer contends that he received ineffective assistance of counsel because his attorney did not call a witness. But the attorney informed the court that not calling the witness was a strategic decision based on the witness's hostility to the defense. Because the decision was a legitimate trial tactic, counsel's performance was not deficient.

## FACTS

A police officer was on patrol at about 11:00 p.m. in a marked police vehicle. He observed the driver of another car, Lyle Lippel, look at the police car and then make an abrupt turn. The officer drove around the block and came upon Lippel's car stopped in the middle of the road with the engine running and both front doors open. Lippel and his passenger, Hallmeyer, were both out of the car and appeared to be changing places.

Lippel spoke with the officer and consented to a search of the car. The officer found a substantial quantity of heroin and methamphetamine as well as paraphernalia associated with drug sales. The officer also found two loaded handguns, an AR-15 rifle, ammunition, and a bulletproof vest. The officer placed both Lippel and Hallmeyer under arrest.

Lippel entered a plea to charges against him. Hallmeyer was tried on charges of possession of controlled substances with intent to distribute.[1] Hallmeyer argued that the drugs and paraphernalia belonged to Lippel and he did not know they were in the car. He admitted owning one of the handguns and stated that he was carrying it because he had recently been the victim of a crime.

Hallmeyer moved to admit Lippel's statements to the arresting officer, arguing that these statements corroborated Hallmeyer's theory of the case. According to Hallmeyer, Lippel told the arresting officer that he owned two of the weapons and the bulletproof vest. Lippel explained to the officer that he and Hallmeyer were searching for the person who had stolen Hallmeyer's car. When the officer questioned Lippel about the drugs, Lippel turned away and said "'I'm done.'" Clerk's Papers (CP) at 18. Hallmeyer asserted that this last alleged statement amounted to an admission that the drugs belonged to Lippel.

Hallmeyer's counsel stated that he was not calling Lippel as a witness because he was hostile to the defense. But he argued that Lippel's statements were admissible because they fell within an exception to the general rule against

---

[1] Hallmeyer was also charged with unlawful possession of a firearm. His conviction on that charge is not at issue in this appeal.

2

hearsay. In the alternative, he argued that the statements were not offered for the truth and thus were not hearsay.

The trial court excluded Lippel's statements to the arresting officer as hearsay. A jury acquitted Hallmeyer of possession with the intent to deliver but convicted him of the lesser-included offense of possession of a controlled substance.

## DISCUSSION

Hallmeyer contends that he received ineffective assistance because counsel demonstrated a lack of understanding of the rules of evidence. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. State v. Grier, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011) (citing State v. Thomas, 109 Wn.2d 222, 229, 743 P.2d 816 (1987)). We apply a strong presumption that counsel's performance was reasonable. Id. (citing State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)).

Hallmeyer asserts that trial counsel's performance was deficient because he failed to properly introduce and support his arguments concerning Lippel's statements. Hallmeyer contends that prejudice resulted from counsel's poor understanding of the hearsay exception for statement's against interest.[2]

Hearsay statements against the declarant's penal interest are admissible when the declarant is unavailable. ER 804(b)(3). A witness is unavailable if,

---

[2] Counsel also sought to introduce the statements as non-hearsay and as other suspect evidence. Hallmeyer makes no argument that trial counsel's allegedly deficient performance in introducing these alternative theories was prejudicial.

3

among other reasons, he persistently refuses to testify despite a court order to do so. ER 804(a)(2).

Hallmeyer acknowledges that Lippel was not unavailable within the meaning of ER 804. But he contends that counsel was deficient for not calling Lippel as a witness. He asserts that, had counsel called Lippel, he would have refused to testify and been declared unavailable. Alternatively, Lippel would have testified and been subject to cross examination. In either scenario, Hallmeyer contends, he would have been able to confront Lippel about the drugs in his car.

We reject this argument. Legitimate trial strategy or tactics do not constitute deficient performance. Grier, 171 Wn.2d at 33 (citing Kyllo, 166 Wn.2d at 863). To rebut the presumption that counsel rendered reasonable performance, a defendant must show that counsel's conduct cannot be explained by any "'conceivable legitimate tactic.'" Id. (quoting State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). In this case, defense counsel chose not to call Lippel because he was hostile to the defense. The decision was a legitimate trial strategy. Counsel's performance was not deficient.

Affirmed.

WE CONCUR:

_____

_____ Spearman, J.

_____ Mann, J.

4